IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY H. BORKON, et al., | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | NO. 04-5823 |
| | : | |
| v. | : | |
| | : | |
| THE CITY OF PHILADELPHIA, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

Giles, J.                                                                                          August 29, 2008

## I.      INTRODUCTION

Before the court are the parties' cross motions in the above-captioned matter.  In their

Amended Complaint (Docket No. 23), Plaintiffs assert claims against Defendant, the City of

Philadelphia, alleging that Defendant seized and sold a home owned by Plaintiffs ("the

Property") following Plaintiffs' failure to pay property taxes.  Plaintiffs bring a due process claim

under the U.S. Constitution and the Pennsylvania Constitution (Counts I, III), an equal protection

claim under the U.S. Constitution and the Pennsylvania Constitution (Counts II, IV), as well as a

claim for violation of the notice requirements of state statute 53 P.S. § 7193.2 (Count V).

Plaintiffs bring their federal claims under 42 U.S.C. § 1983 and their state claims under 28

U.S.C. § 1367.  For the following reasons, Defendant's Motion for Summary Judgment is

granted as to all state and federal constitutional claims.  In addition Defendant's Motion for

Summary Judgment is granted as to the state statutory claim for failure to state a claim upon

which relief can be granted.


II.     **PROCEDURAL HISTORY**

Plaintiffs filed their original complaint in this matter on December 16, 2004 (Docket No. 1). Defendant filed a Motion to Dismiss pursuant to Fed. R. Civil P. 12(b)(6) on January 25, 2005 (Docket No. 4). On December 15, 2005, this court issued an order granting Defendant's Motion to Dismiss on <u>all federal claims</u>. (Docket No. 14.) Plaintiffs then filed a Motion for Reconsideration and for permission to File an Amended Complaint. Plaintiffs argued that there were additional facts discovered, or discoverable, that pertained to their dismissed due process claim. In addition, Plaintiffs argued that the court's dismissal of the federal equal protection claim was legally erroneous. In an order dated February 7, 2006, the court granted the Motion for Reconsideration and gave Plaintiffs permission to file an Amended Complaint (Docket No. 21). In the February 7th order, however, the court specifically stated that the "Order of December 15, 2005 remains <u>res judicata</u> as to all federal constitutional claims raised."

In their Amended Complaint (Docket No. 23), filed February 16, 2006, Plaintiffs again assert a due process claim under the United States and Pennsylvania Constitutions, an equal protection claim under the United States and Pennsylvania Constitutions, as well as a claim for violations of Pennsylvania statute governing notice for tax lien sales of real property.

In their briefing, Plaintiffs acknowledge that the court previously dismissed their claim under the equal protection clause of the United States Constitution. Plaintiffs urge this court to reconsider its previous ruling dismissing this claim. The court will not reconsider its previous equal protection ruling. Nor will this court consider its prior ruling on the federal due process

claim.  The court will consider, however,  the new allegations in the Amended Complaint as they pertain to Plaintiffs' federal due process claim as well as the record evidence pertaining to the federal due process claim.

## II.    DISCUSSION

### A.    Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure permits the entry of summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The moving party bears the burden of proving that no genuine issue of material fact is in dispute.  Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585 n. 10 (1986).  A factual dispute is "material" only if it might "affect the outcome of the suit under the governing law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  There is only a "genuine" issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  The court must examine the facts in a light favorable to the non-movant.  Id. at 255.  Furthermore, the court must resolve "all inferences, doubts and issues of credibility against the moving party." Smith v. Pittsburgh Gage & Supply Co., 464 F.2d 870, 874 (3d Cir. 1972) (citations omitted).

The Supreme Court has further explained that "the burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case."  Celotex Corp. v. Catrett, 547 U.S. 317, 325 (1986).  The nonmoving party must then "go beyond the pleadings and by her own affidavits, or

by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. at 324 (internal quotations and citations omitted).

**B.    Federal due process claim**

In Count I, Plaintiffs argue that Defendant violated their due process rights as guaranteed by the United States Constitution.  Plaintiffs argue that Defendant violated their procedural due process rights under the United States Constitution by failing to provide them with adequate notice and service of the petition, rule and the decree concerning the sale of the Property. (Amend. Compl. ¶¶ 57-67.)  The federal Constitution requires notice "prior to an action that affects an interest in life, liberty, or property by the Due Process Clause of the Fourteenth Amendment." Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 795 (1983); see also Mullane v. Cent Hanover Bank Trust Co., 339 U.S. 306, 314 (1950).  Under the Fourteenth Amendment, "notice reasonable under the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections" is required. Mennonite, 462 U.S. at 795 (emphasis added).  Therefore, the City was required to use reasonably diligent efforts to provide notice to the Plaintiffs.  See id. at n.4.

The court finds that based upon the record evidence, the following facts are undisputed.  The address Plaintiffs registered with the department of the City of Philadelphia responsible for tax collection, pursuant to 53 P.S. § 7193.1-7193.2, was an address in Gladwyne Pennsylvania, even though Plaintiffs no longer lived there.

Defendant mailed copies of the petition and rule notices to the Property in May 2003. (Def.'s Opp'n Pls.' Mot. Summ. J. Ex. 1, James Dep. 56, Jan. 4, 2007.)  This was mailed by both

certified and first class mail.  (Pls.' Opp'n Exs. 13-14.)  Defendant also mailed copies of the

petition and rule notices to the Gladwyne address, as well as to the mortgagee, Cherry Hill

National Bank, in May 2003.  (Def.'s Reply Mem. Ex. 8.)  Second, Defendant sent the decree to

Plaintiffs at the Property as well as at the Gladwyne address, by both certified and first class mail.

(Def.'s Opp'n Ex. 1 James Dep. 57; Pls.' Opp'n Ex. 16.)  In addition, the Decree was mailed to

the mortgagee, Cherry Hill National Bank by certified and first class mail.  (Pls.' Opp'n Ex. 16.)

The certified mail sent to the Gladwyne address came back to the City.  However, the record

evidence is that the regular mailings were not returned and, as such, are presumed to have been

delivered.

Plaintiffs allege that all of the City's notices were returned unopened, and argue that the

City violated their due process rights in not taking further steps to reach them.  (Pls.' Mot for

Summ. J. 20.)  In support of this argument, Plaintiffs cite Jones v. Flowers, 126 S. Ct. 1708

(2006).  The situation presented here, however, is easily distinguishable from that in Jones.

In Jones, the Supreme Court found that when notice sent by certified mail is returned

unopened, a municipality is responsible for taking additional steps to ensure that notice is

received.  126 S.Ct. at 1721.  Jones suggests that additional reasonable measures to provide

notice depend on the circumstances.  Id. at 1719.  While the Court said that it would not dictate

how notice should be provided, since notice was only sent by certified mail and returned, the

Court suggested that other reasonable steps could be taken such as resending notice by regular

mail, posting the property, or sending new notices addressed to "occupant."  Id.

In the present case, however, an affidavit of service of the petition and rule was created

evidencing that both certified and regular mail notices were sent to the Benson Street property

and the Gladwyne address.  (See Def.'s Reply Mem. Supp. Mot. Summ. J., Ex. 8; see also

Zwolak Dep. 81:6-81:14, Jan. 10, 2007 (testifying that when the City serves notice on someone,

both certified and regular mail notices are always sent).)  There is no evidence that the petition

and rule notices sent to the Gladwyne address by regular mail came back.  These notices are

presumed to have been received.  See Neubert v. Armstrong Water Co., 211 Pa. 582, 588 (Pa.

Sup. Ct. 1905).  Constitutionally, no further notice was required.

Plaintiffs argue that the City should have taken additional steps to locate Plaintiffs

including looking in the phone book and checking with other City departments or agents for a

new address.  (Amend. Compl. ¶ 63; Pls.' Mot. Summ. J. 21 at n.10.)  However, the Supreme

Court specifically rejected such steps in Jones because they would pose a significant and

unnecessary burden on the state when the taxpayer is obligated to keep his or her address updated

with the tax collector.  126 S. Ct. at 1719; see 53 Pa. Cons. Stat. § 7193.2 (b).  The Pennsylvania

statute requires the taxpayer to keep their registered address updated.  In keeping the Gladwyne

address registered, Plaintiffs failed to update their address and chose the Gladwyne address as

that at which they would receive notice.  See 53 Pa. Cons. Stat. § 7193.2 (a)(2).

Further, the City is also protected from due process claims under the federal Constitution

because it has established a reasonable procedure for the service of notice.  In Monell v. Dept. of

Social Serv., 436 U.S. 658, 690 (1978), the Supreme Court found that municipalities cannot be

held liable under Section 1983 of the Civil Rights Act for an act inflicted solely by its employees

or agents.  "Instead, it is when execution of a government's policy or custom . . . inflicts the

injury that the government is an entity responsible under Section 1983."  Id.  To establish Monell

liability, plaintiff must demonstrate that the defendant's policy or custom caused the alleged

constitutional injury.  Watson v. Methacton School Dist., No. 05 Civ. 2303, 2007 WL 1437451 (E.D. Pa. 2007) (citing Black by Black v. Indiana Area School Dist., 985 F.2d 707, 712 (3d Cir. 1993)).  Plaintiffs do not allege that the City's policy caused the injury, but allege that the City's employees failed to follow the policy by failing to mail notice.  (Amend. Compl. ¶¶ 76-79.)  This distinction is critical.  Thus, the City's established practice of always sending notices by both regular and certified mail protects it from due process claims based upon the negligence of its employees in carrying out the policies.  (See Zwolak Dep. 81:6-81:14, Jan. 10, 2007).  There is record evidence that the City had a mechanism that was used to effectuate the initial notice.  In addition, there is documentary and deposition evidence that the fact of mailings is mechanically recorded by a system described by Margaret James, a word processor specialist employed by the Defendant, in her deposition testimony.

## C.    State due process claim

Plaintiffs claim that the City violated their due process rights under the Pennsylvania Constitution by depriving them of their property without notice or an opportunity to defend against the sale of their property.  (Amend. Compl. ¶¶ 74-84.)  The Pennsylvania Constitution states that "[a]ll men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness."  Pa. Const. Art. 1 § 1.  This clause imposes due process requirements on the Pennsylvania Government.  See Coughlin v. Westinghouse Broad. and Cable, Inc., 780 F.2d 340, 344-45 (3d Cir. 1985), cert. denied, 476 U.S. 1187 (1986).

The Pennsylvania Constitution's Due Process Clause requires "at a minimum that an owner of land be actually notified by government, if reasonably possible, before his land is forfeited by the state." Tracy v. County of Chester, Tax Claim Bureau, 489 A.2d 1334, 1339 (Pa. 1985). This standard of reasonable efforts at notice is identical to that under the federal Constitution. See id.

Thus, Plaintiffs' due process claim under the Pennsylvania Constitution must fail for the same reasons that their federal due process claim fails. Under the standard outlined in Jones, the City took reasonable steps under the circumstances to notify Plaintiffs of the sale and was not required to continue searching for another address to reach Plaintiffs. See Jones, 126 S. Ct. at 1719. Further, the City had an established procedure, which was reasonably designed to serve notice, and the negligence of City employees in carrying out that practice cannot be imputed to the City. See Monell, 436 U.S. at 690.

### D.       State equal protection claim

Plaintiffs allege that the Pennsylvania statutes providing for notice requirements violate the equal protection clause of the state Constitution and that strict scrutiny applies. The court incorporates by reference herein the analysis it employed in its December 15, 2005 decision in analyzing the Motion to Dismiss the federal equal protection claim. The court finds that the analysis for determination of Plaintiffs' state equal protection claim is the same. The rational basis test applies to Plaintiffs' claim, and Plaintiffs do not sufficiently aver how the statute is not rationally related to a legitimate government purpose. Therefore, the court must grant summary judgment on Plaintiffs' equal protection claim under the Pennsylvania Constitution.

### E.        Statutory violations

In their Amended Complaint, Plaintiffs allege a violation of two Pennsylvania statutes: 53 P.S. §§ 7189 and 7193.2, pertaining to notice to be given in connection with a sherrif's sale of a property due to an outstanding tax lien.  It appears from the face of the Amended Complaint, as well as Plaintiffs' summary judgment briefing, that they seek relief under the statute.  The only relief designated by statute, however, is outlined under 53 P.S. § 7193.3, "Validity of sale; time for filing contest," stating:

> All parties wishing to contest the validity of any sale conducted pursuant to [53 P.S. § 7283], including the sufficiency of any notice, and any party claiming to have an interest in the premises which was not discharged by the sale must file a petition seeking to overturn the sale or to establish the interest within three months of the acknowledgment of the deed to the premises by the sheriff.

With no exception, the caselaw cited by Plaintiffs in their summary judgment briefing concerned actions in which a party sought to set aside a sheriff's sale of real property.

In their post-oral argument supplemental briefing, however, Plaintiffs have clarified that they do not seek to set aside the sheriff's sale of the home.  Rather, they seek monetary damages against the City for a violation of the statute.  (Pls.' Suppl. Mem. Law 13-14.)  It is apparent, then, that Plaintiffs have failed to state a claim upon which relief can be granted.  Plaintiffs cite no legal authority that creates a cause of action for monetary damages against a local governmental agency for a violation of 53 P.S. §§ 7189 and 7193.2.[1]  Plaintiffs' claim for an

---

[1] Plaintiffs' citation to Fricker v. Corestates Bank, N.A. 192 B.R. 388 (Bkrtcy E.D. Pa. 1996) in support of their argument that there is a six-year statute of limitations, under 42 Pa. C.S. § 5522(b), for a claim against a local governmental agency for a violation of 53 P.S. §§ 7189 and 7193.2.  This argument is not supported by Fricker, which concerns different facts and additional non-governmental parties.

alleged violation of these state statutes is not actionable under Section 1983.  Further, as a local

governmental agency, Defendant has general immunity from suit, except as specifically

enumerated by law.  It does not appear from the face of the complaint that Plaintiffs are seeking a

state statutory remedy.  Therefore, the court concludes that Count V does not state a cognizable

cause of action, as clarified by Plaintiffs in their Supplemental Briefing.  Summary Judgment

must be granted in Defendant's favor on this count.


**III.    CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted, and

Plaintiffs' Motion is denied.  An order follows.